UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CASE NO. 1:19-cv-00087 |
| ROBIN HAMMOND a/k/a ROBIN | § | |
| GOACHER, OCWEN LOAN | § | |
| SERVICING, LLC, ARDITH N. FIDLER | § | |
| f/k/a ARDITH N. KIEFER, and CAPITAL | § | |
| ONE BANK (USA), N.A., | § | |
| Defendants | § | |

## UNITED STATES' COMPLAINT

Plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the

direction of the Attorney General of the United States, or his delegate, and at the request of the

Secretary of the Treasury, or his delegate, files this complaint against Defendant Robin

Hammond a/k/a Robin Goacher ("Hammond") seeking: (1) judgment against Hammond in the

amount of her unpaid federal tax liabilities; (2) enforcement of IRS federal tax liens through

foreclosure against and sale of Hammond's real property located at 3 N. Peak Road, Westlake

Hills, Travis County, Texas, 78746; and (3) distribution of the sale proceeds to the United States

in accordance with the lien priorities of the United States and the parties.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(a)

and 7403(c) and 28 U.S.C. §§ 1340 and 1345.

2.      Venue lies with this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Robin

Hammond resides, and the real property that is the subject of this action is located, in Travis

County, Texas.

## PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant Hammond, [SSN XXX-XX-2924] is the taxpayer who did not file her federal

income tax returns for tax years 2004-2007 and currently owes federal taxes to the United States.

She resides at 3 N. Peak Road, Westlake Hills, Travis County, Texas, 78746, which is within the

jurisdiction of this Court.  She can be served at her residence at 3 N. Peak Road, Westlake Hills,

Travis County, Texas.

5.      Defendant Ocwen Loan Servicing, LLC ("Ocwen") is named as a defendant pursuant to

26 U.S.C. § 7403(b) because it may hold a lien on the real property at issue. Ocwen may be

served by serving its registered agent, Corporate Service Company dba CSC – Lawyers

Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.      Defendant Ardith N. Fidler f/k/a Ardith N. Kiefer is named as a defendant pursuant to 26

U.S.C. § 7403(b) because she may hold a lien on the real property at issue. She may be served at

7826 Dakota Circle, Lago Vista, Travis County, TX 78645-4425.

7.      Defendant Capital One Bank (USA), N.A., ("Capital One") 4851 Cox Road, Glen Allen,

Virginia, 23060 is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it holds two

judgments against Hammond and it may hold a lien on the real property at issue. Capital One

may be served by serving its registered agent, Corporate Service Company dba CSC – Lawyers

Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## COUNT ONE: JUDGMENT FOR INCOME TAX LIABILITIES

8.      For tax years 2004, 2005, 2006 and 2007, Hammond failed to file her federal income tax

returns.

9.      In the absence of Hammond's tax returns, a delegate of the Secretary of the Treasury in accordance with 26 U.S.C. § 6020(b) made timely assessments against Hammond for the taxes and penalties shown below, which after adjustments for statutory interest accruals, penalty accruals, and other statutory amounts resulted in the following liabilities as of November 8, 2018:

| Tax Year | Date of Assessment | Assessed Income Tax/Penalty/Interest | Accruals (as of 11/8/18) | TOTAL AS OF 11/8/18 |
|----------|--------------------|--------------------------------------|--------------------------|---------------------|
| 2004 | 03/16/2009 | $19,360.04 | $3,402.75 | $22,762.79 |
| 2005 | 03/16/2009 | $34,084.50 | $5,990.75 | $40,075.25 |
| 2006 | 03/16/2009 | $49,195.96 | $8,646.77 | $57,842.73 |
| 2007 | 04/19/2010 | $42,758.62 | $7,515.33 | $50,273.95 |
| GRAND TOTAL | | | | $170,954.72 |

10.      Certified IRS Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, for Hammond's federal income tax liabilities for tax years 2004, 2005, 2006 and 2007 are attached as Gov. Ex. 1, 2, 3 and 4, respectively.

11.      Despite having been given proper notice and demand for payment of the assessments described above, Hammond has not paid the amounts due.  Indeed, there are no abatements, payments or credits because Hammond has failed to pay any amount towards her federal income tax liabilities for tax years 2004-2007.

12.      Therefore, under 26 U.S.C. § 7402, the United States is entitled to judgment that Hammond is liable and indebted to the United States for unpaid federal income taxes for tax years 2004-2007 in the amount of $170,954.72 as of November 8, 2018, plus prejudgment and

post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT TWO: ENFORCEMENT OF TAX LIENS

13.     At the time of each of the assessments described above, a federal tax lien arose pursuant to 26 U.S.C. § 6321 and attached to all property and rights to property then owned, or thereafter acquired, by Hammond.

14.     On May 6, 1998, Hammond acquired the real property at 3 N. Peak Road, Westlake Hills, Travis County, Texas, 78746 ("Peak Road Property") from defendant Ardith N. Fidler.[1]  At the time of the transaction, Hammond was a single person known as Robin Goacher.

15.     On information and belief, the Peak Road Property is also Hammond's homestead.

16.     On February 28, 2011, the United States recorded a Notice of Federal Tax Lien against Hammond for her unpaid federal income tax liabilities for tax years 2004-2007, in the official public records of Travis County, Texas.[2]

17.     As the tax liabilities owed by Hammond remain unpaid, the United States is entitled pursuant to 26 U.S.C. § 7403 to a judgment enforcing its federal tax liens through foreclosure of those liens against Hammond's interest in the Peak Road Property.  Additionally, the Peak Road Property should be ordered sold free and clear of any rights, titles, claims or interests of any of the parties to this action with proceeds of the sale being paid first to the reasonable costs of sale and then to the parties in the order of their priority of interest in the Peak Road Property.

---

[1] The Peak Road Property is more specifically described as attached in Gov. Ex. 5.

[2] A true and correct copy of the Notice of Federal Tax Lien is attached as Gov. Ex. 6.

**DEFENDANTS' COMPETING CLAIMS**

18.     To acquire the Peak Road Property, Hammond made a $143,910 promissory note in favor of Fidler[3] and such note was extended by agreement in May 1999 to become due in January 2000.  Prior to the note's maturity, on December 27, 1999, Hammond secured a 30 year, $146,000 loan evidenced by a note payable to Union Planters Bank, N.A. and a deed of trust.[4]

19.     On April 7, 2004, Hammond (and her now deceased husband, Nicholas W. Hammond), obtained a $193,500 home equity loan from Homecomings Financial Network Inc., now known as Ocwen Loan Servicing LLC.  This transaction paid the mortgage of $140,540.50 owed to Union Planters Bank that had encumbered the Peak Road Property.[5]

20.     As of June 19, 2018, Hammond was indebted to Ocwen for $148,027.67, payable monthly at $2,267.89.[6]

21.     Defendant Fidler's original lien on the Peak Road Property has not been released. Hammond's obligation to pay Fidler for the Peak Road Property may have been satisfied with monies borrowed by Hammond from Union Planters Bank or Homecoming Financial Network,

---

[3] The "Warranty Deed with Vendor's Lien" and the "Deed of Trust" for the Peak Road Property transaction was filed on May 8, 1998 in the public records of Travis County, Texas. A true and correct copy of each document is attached as Gov. Ex. 7.

[4] A true and correct copy of the deed of trust is attached as Gov. Ex. 8.

[5] A true and correct copy of the Texas Home Equity Affidavit and Agreement, with the related HUD-1, is attached as Gov. Ex. 9.  The Union Planters Bank mortgage payoff  of $140,540.50 is on line 104 of the HUD-1.

[6] A true and correct copy of Ocwen's June 19, 2018, Mortgage Account Statement for Hammond's account on the Peak Road Property is attached as Gov. Ex. 10.

Inc.[7]  In that instance, Defendant Fidler would not have a claim against Hammond's interest in the Peak Road Property and may be dismissed from this suit.

22.     As a defendant, Capital One holds two abstracts of judgment against Hammond.  On April 4, 2018, Capital One obtained a judgment for $2,202.03 against Hammond and abstracted that judgment in the public records of Travis County, Texas, on April 24, 2018. On May 24, 2018, Capital One obtained a judgment for $5,863.77 against Hammond and abstracted that judgment in the public records of Travis County, Texas, on June 7, 2018.[8]

23.     On information and belief, Capital One's judgments stem from Hammond's failure to fully pay consumer credit card debts.  In Texas, such debts/judgments cannot be enforced against a homestead interest. Tex. Prop. Code § 41.001.  Accordingly, Capital One may lack a valid, enforceable interest against Hammond's homestead in the Peak Road Property and should take nothing from this suit.

## PRAYER

WHEREFORE, plaintiff United States of America, requests that this Court:

(a) Enter judgment in favor of the United States and against Robin Hammond for federal income taxes for tax years 2004, 2005, 2006 and 2007, in the amount of $170,954.72 as of November 8, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

---

[7] See Gov. Ex. 8, Schedule One.

[8] A true and correct copy of these abstracts of judgment is attached as Gov. Ex. 11.

(b) Determine that the United States has valid and subsisting federal tax liens that arose with the tax assessments described above, and attached to all of the property and rights to property of Hammond, including her interest in the Peak Road real property described above;

(c)  Determine the priority of the interests of the parties in the Peak Road Property;

(d)  Order that the United States' federal tax liens be foreclosed upon the Peak Road Property, that the property be sold free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, and that the net proceeds of the sale be distributed to the parties in the order of their priority of interest in the property;

(e)  Order that, if the amounts distributed to the United States from the net proceeds of the sale of the Peak Road Property are insufficient to satisfy fully the above-described tax liabilities owed by Hammond, the United States shall have judgment for the deficiency against Hammond; and

(f)  Award the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

February 5, 2019.

/s/ Manuel P. Lena Jr.
Manuel P. Lena Jr.
Texas Bar No. 12201255
U.S. Department of Justice, Tax Division
717 N. Harwood St., Suite 400
Dallas, Texas 75201
214.880.9750 [9741 fax]
manuel.p.lena@usdoj.gov
ATTORNEYS FOR THE UNITED STATES (IRS)



# **United States** Of America

### Department of the Treasury
### Internal Revenue Service

Date: NOV 1 4 2018

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification. Form 4340, Certificate of Assessments, Payments and Other Specified Matters for, Robin S Goacher, for U.S. Individual Income Tax Return (Form 1040), for the tax period ending December 31, 2004 consisting of 4 pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Janice Williams*

Janice Williams,
Accounting Operations Manager,
Submission Processing (Austin)

Form **2866** (Rev. 09-1997)

**Government Exhibit**
1

### CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
```
-----------------------------------------------------------------------
```

ROBIN S GOACHER                    EIN/SSN:  █████ 2924
                                                   2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC  2004

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE |
|------|----------------------------|-------------------------------------|----------------------------|-----------------|
| | ADJUSTED GROSS INCOME 33,422.00 | | | |
| | TAXABLE INCOME 25,472.00 | | | |
| | SELF EMPLOYMENT TAX 5,081.00 | | | |
| 05-13-2008 | SUBSTITUTE FOR RETURN 19210-887-00062-8 | | 0.00 | 06-16-2008 |
| 08-19-2008 | STATUTORY NOTICE OF DEFICIENCY | | | |
| | ESTIMATED TAX PENALTY 20090908 | 244.79 | | 03-16-2009 |
| | ADDITIONAL TAX ASSESSED 22254-451-32396-9  20090908 | 8,543.00 | | 03-16-2009 |
| | LATE FILING PENALTY 20090908 | 1,922.17 | | 03-16-2009 |
| | INTEREST ASSESSED 20090908 | 3,250.97 | | 03-16-2009 |
| | FAILURE TO PAY TAX PENALTY 20090908 | 2,050.32 | | 03-16-2009 |
| 02-02-2009 | STATUTORY NOTICE OF DEFICIENCY CLOSED | | | |
| 05-31-2010 | CDP LEVY NOTICE ISSUED | | | |
| 06-08-2010 | CDP LEVY NOTICE RETURN RECEIPT SIGNED | | | |

FORM 4340  (REV. 01-2002)              PAGE    1

```
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------
ROBIN S GOACHER                        EIN/SSN:   [Redaction]   2924
                                                                2837

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  2004


                                      ASSESSMENT,    PAYMENT,     ASSESSMENT
DATE      EXPLANATION OF TRANSACTION  OTHER DEBITS   CREDIT       DATE
                                      (REVERSAL)     (REVERSAL)
------------------------------------------------------------------------------

02-25-2011 NOTICE OF FEDERAL TAX
           LIEN FILED

03-21-2011 FEES AND COLLECTION COSTS                   42.00

03-01-2011 LIEN FILING COLLECTION
           DUE PROCESS NOTICE ISSUED

           FAILURE TO PAY TAX                          85.43      07-11-2011
           PENALTY
           20112608

           INTEREST ASSESSED                        3,221.36      07-07-2014
           20142505

04-17-2017 INITIAL LEVY ISSUED

06-18-2018 CERTIFICATION OF TAX
           ACCOUNT AS SERIOUSLY
           DELINQUENT TAX DEBT

06-18-2018 Notice of certification as seriously delinquent tax debt sent to
           taxpayer - P

06-20-2018 RECEIVED POA/TIA

           INTEREST ASSESSED                        3,402.75      11-05-2018
           20184205

04-03-2006 Taxpayer Deliquency Notice

05-29-2006 Taxpayer Deliquency Notice


FORM 4340  (REV. 01-2002)                    PAGE     2
```

```
     CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

ROBIN S GOACHER                          EIN/SSN:  [Redaction] 2924
                                                              2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2004


                                      ASSESSMENT,     PAYMENT,      ASSESSMENT
DATE        EXPLANATION OF TRANSACTION OTHER DEBITS    CREDIT        DATE
                                      (REVERSAL)     (REVERSAL)
--------------------------------------------------------------------------------
03-16-2009 Statutory Notice of Balance Due

04-20-2009 Notice of Balance Due

07-06-2009 Notice of Balance Due

08-10-2009 Statutory Notice of Intent to Levy

07-11-2011 Statutory Notice of Balance Due

07-09-2012 Statutory Notice of Balance Due

07-07-2014 Statutory Notice of Balance Due

11-05-2018 Statutory Notice of Balance Due

FORM 4340  (REV. 01-2002)                     PAGE     3
```

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------

ROBIN S GOACHER                     EIN/SSN:  [Redaction] -2924
                                                         -2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2004
-------------------------------------------------------------------------


BALANCE       22,762.79

-------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT FOR THE ACCOUNT OF THE TAXPAYER NAMED
ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE DATA COMPILATION
FOR THE PERIOD STATED OF ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND
ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS
DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE SHOWN
BELOW. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS
TRANSCRIPT APPEAR IN RECORDS OF THIS OFFICE. THE RECORDS ARE UNDER THE CUSTODY
OF, AND SET FORTH THE ACTIVITIES OF, THIS OFFICE.

                                                  -----------------------
SIGNATURE OF CERTIFYING OFFICER: *Janice Williams*

PRINT NAME:_____Janice Williams_____
                    Accounting Operations Manager
TITLE:_____Submission Processing_____
                    Service Wide Delegation of Authority
DELEGATION ORDER:___Delegation Order 11-5_____


LOCATION: INTERNAL REVENUE SERVICE

          ACCOUNT STATUS DATE 11/08/2018

FORM 4340  (REV. 01-2002)              PAGE    4



**United States**        **Of America**

### Department of the Treasury
### Internal Revenue Service

Date: NOV 1 4 2018

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification. Form 4340, Certificate of Assessments, Payments and Other Specified Matters for, Robin S Goacher, for U.S. Individual Income Tax Return (Form 1040), for the tax period ending December 31, 2005 consisting of 4 pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Janice Williams,
Accounting Operations Manager,
Submission Processing (Austin)

Form **2866** (Rev. 09-1997)

**Government Exhibit**

2

```
      CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------------
ROBIN S GOACHER                    EIN/SSN:  [Redaction] 2924
                                                        2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2005

                                   ASSESSMENT,   PAYMENT,    ASSESSMENT
DATE       EXPLANATION OF TRANSACTION   OTHER DEBITS   CREDIT     DATE
                                   (REVERSAL)   (REVERSAL)
----------------------------------------------------------------------------
           ADJUSTED GROSS INCOME
                 52,897.00

           TAXABLE INCOME
                 44,697.00

           SELF EMPLOYMENT TAX
                 8,042.00

05-13-2008 SUBSTITUTE FOR RETURN                0.00       06-16-2008
           19210-887-00063-8

08-19-2008 STATUTORY NOTICE OF
           DEFICIENCY

           ESTIMATED TAX PENALTY           636.99         03-16-2009
           20090908

           ADDITIONAL TAX ASSESSED      15,881.00         03-16-2009
           22254-451-32403-9  20090908

           LATE FILING PENALTY          3,573.22          03-16-2009
           20090908

           INTEREST ASSESSED            4,429.45          03-16-2009
           20090908

           FAILURE TO PAY TAX           2,858.58          03-16-2009
           PENALTY
           20090908

02-02-2009 STATUTORY NOTICE OF
           DEFICIENCY CLOSED

05-31-2010 CDP LEVY NOTICE ISSUED

06-08-2010 CDP LEVY NOTICE RETURN
           RECEIPT SIGNED

FORM 4340  (REV. 01-2002)            PAGE    1
```

```
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------------
ROBIN S GOACHER                      EIN/SSN: [Redaction]  2924
                                                           2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  2005


                                        ASSESSMENT,      PAYMENT,       ASSESSMENT
DATE        EXPLANATION OF TRANSACTION  OTHER DEBITS     CREDIT         DATE
                                        (REVERSAL)       (REVERSAL)
------------------------------------------------------------------------------------

02-25-2011 NOTICE OF FEDERAL TAX
           LIEN FILED

03-01-2011 LIEN FILING COLLECTION
           DUE PROCESS NOTICE ISSUED

           FAILURE TO PAY TAX                1,111.66                 07-11-2011
           PENALTY
           20112608

           INTEREST ASSESSED                5,593.60                 07-07-2014
           20142505

04-17-2017 INITIAL LEVY ISSUED

06-18-2018 CERTIFICATION OF TAX
           ACCOUNT AS SERIOUSLY
           DELINQUENT TAX DEBT

06-18-2018 Notice of certification as seriously delinquent tax debt sent to
           taxpayer - P

06-20-2018 RECEIVED POA/TIA

           INTEREST ASSESSED                5,990.75                 11-05-2018
           20184205

03-16-2009 Statutory Notice of Balance Due

04-20-2009 Notice of Balance Due


FORM 4340  (REV. 01-2002)                      PAGE     2
```

```
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------

ROBIN S GOACHER                        EIN/SSN:  [Redaction]2924
                                                          2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2005


                                    ASSESSMENT,      PAYMENT,      ASSESSMENT
DATE        EXPLANATION OF TRANSACTION  OTHER DEBITS    CREDIT        DATE
                                    (REVERSAL)      (REVERSAL)
-------------------------------------------------------------------------------
07-06-2009 Notice of Balance Due

08-10-2009 Statutory Notice of Intent to Levy

07-11-2011 Statutory Notice of Balance Due

07-09-2012 Statutory Notice of Balance Due

07-07-2014 Statutory Notice of Balance Due

11-05-2018 Statutory Notice of Balance Due


FORM 4340  (REV. 01-2002)                PAGE    3
```

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

ROBIN S GOACHER                    EIN/SSN:  [Redaction] -2924
                                                         -2837

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2005
------------------------------------------------------------------------

BALANCE        40,075.25

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT FOR THE ACCOUNT OF THE TAXPAYER NAMED
ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE DATA COMPILATION
FOR THE PERIOD STATED OF ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND
ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS
DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE SHOWN
BELOW. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS
TRANSCRIPT APPEAR IN RECORDS OF THIS OFFICE. THE RECORDS ARE UNDER THE CUSTODY
OF, AND SET FORTH THE ACTIVITIES OF, THIS OFFICE.

                                         ---------------------------------
SIGNATURE OF CERTIFYING OFFICER: _Janice Williams_

PRINT NAME:_____ Janice Williams
                           Accounting Operations Manager
TITLE:_____ Submission Processing
                           Service Wide Delegation of Authority
DELEGATION ORDER:_____ Delegation Order 11-5

LOCATION: INTERNAL REVENUE SERVICE

          ACCOUNT STATUS DATE 11/08/2018

FORM 4340  (REV. 01-2002)              PAGE    4



# United States          Of America

### Department of the Treasury
### Internal Revenue Service

Date:   NOV 1 4 2018

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification. Form 4340, Certificate of Assessments, Payments and Other Specified Matters for, Robin S Goacher, for U.S. Individual Income Tax Return (Form 1040), for the tax period ending December 31, 2006 consisting of 4 pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Janice Williams,
Accounting Operations Manager,
Submission Processing (Austin)

Form **2866** (Rev. 09-1997)

**Government Exhibit**

3

```
    CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------
ROBIN S GOACHER                    EIN/SSN:            2924
                                                       2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2006

                                     ASSESSMENT,    PAYMENT,    ASSESSMENT
DATE       EXPLANATION OF TRANSACTION OTHER DEBITS  CREDIT      DATE
                                     (REVERSAL)    (REVERSAL)
------------------------------------------------------------------------------
           ADJUSTED GROSS INCOME
                   74,302.00

           TAXABLE INCOME
                   65,852.00

           SELF EMPLOYMENT TAX
                   11,296.00

05-13-2008 SUBSTITUTE FOR RETURN                    0.00       06-16-2008
           19210-887-00064-8

08-19-2008 STATUTORY NOTICE OF
           DEFICIENCY

           ESTIMATED TAX PENALTY       1,156.29                03-16-2009
           20090908

           ADDITIONAL TAX ASSESSED    24,435.00                03-16-2009
           22254-451-32410-9  20090908

           LATE FILING PENALTY         5,497.87                03-16-2009
           20090908

           INTEREST ASSESSED           4,060.93                03-16-2009
           20090908

           FAILURE TO PAY TAX          2,932.20                03-16-2009
           PENALTY
           20090908

02-02-2009 STATUTORY NOTICE OF
           DEFICIENCY CLOSED

05-31-2010 CDP LEVY NOTICE ISSUED

06-08-2010 CDP LEVY NOTICE RETURN
           RECEIPT SIGNED

FORM 4340  (REV. 01-2002)              PAGE    1
```

```
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------

ROBIN S GOACHER                        EIN/SSN:  [Redaction] 2924
                                                            2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC  2006


                                       ASSESSMENT,     PAYMENT,     ASSESSMENT
DATE       EXPLANATION OF TRANSACTION  OTHER DEBITS    CREDIT       DATE
                                       (REVERSAL)      (REVERSAL)
-------------------------------------------------------------------------------

02-25-2011 NOTICE OF FEDERAL TAX
           LIEN FILED

03-01-2011 LIEN FILING COLLECTION
           DUE PROCESS NOTICE ISSUED

           FAILURE TO PAY TAX               3,176.54             07-11-2011
           PENALTY
           20112608

           INTEREST ASSESSED               7,937.13             07-07-2014
           20142505

04-17-2017 INITIAL LEVY ISSUED

06-18-2018 CERTIFICATION OF TAX
           ACCOUNT AS SERIOUSLY
           DELINQUENT TAX DEBT

06-18-2018 Notice of certification as seriously delinquent tax debt sent to
           taxpayer - P

06-20-2018 RECEIVED POA/TIA

           INTEREST ASSESSED               8,646.77             11-05-2018
           20184205

05-12-2008 Taxpayer Deliquency Notice

03-16-2009 Statutory Notice of Balance Due


FORM 4340  (REV. 01-2002)                  PAGE    2
```

## CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

ROBIN S GOACHER                    EIN/SSN: [Redaction] 2924
                                                        2837

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2006

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE |
|------|---------------------------|-------------------------------------|----------------------------|-----------------|
| 04-20-2009 | Notice of Balance Due | | | |
| 07-06-2009 | Notice of Balance Due | | | |
| 08-10-2009 | Statutory Notice of Intent to Levy | | | |
| 07-11-2011 | Statutory Notice of Balance Due | | | |
| 07-09-2012 | Statutory Notice of Balance Due | | | |
| 07-07-2014 | Statutory Notice of Balance Due | | | |
| 11-05-2018 | Statutory Notice of Balance Due | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

```
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------
ROBIN S GOACHER                      EIN/SSN:   [Redaction]  -2924
                                                             -2837

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC  2006
------------------------------------------------------------------------------

BALANCE        57,842.73
------------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT FOR THE ACCOUNT OF THE TAXPAYER NAMED
ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE DATA COMPILATION
FOR THE PERIOD STATED OF ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND
ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS
DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE SHOWN
BELOW. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS
TRANSCRIPT APPEAR IN RECORDS OF THIS OFFICE. THE RECORDS ARE UNDER THE CUSTODY
OF, AND SET FORTH THE ACTIVITIES OF, THIS OFFICE.

                                     ------------------------------------------
SIGNATURE OF CERTIFYING OFFICER: Janice Williams

PRINT NAME:_____ Janice Williams
                           Accounting Operations Manager
TITLE:_____ Submission Processing
                           Service Wide Delegation of Authority
DELEGATION ORDER:_____ Delegation Order 11-5


LOCATION: INTERNAL REVENUE SERVICE

        ACCOUNT STATUS DATE 11/08/2018

FORM 4340  (REV. 01-2002)              PAGE    4
```

**United States**  **Of America**

**Department of the Treasury**
**Internal Revenue Service**

Date:   NOV 1 4 2018

CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed:  transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification. Form 4340, Certificate of Assessments, Payments and Other Specified Matters for, Robin S Goacher, for U.S. Individual Income Tax Return (Form 1040), for the tax period ending December 31, 2007 consisting of 4 pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

*Janice Williams*

Janice Williams,
Accounting Operations Manager,
Submission Processing (Austin)

Form **2866** (Rev. 09-1997)

Government Exhibit

4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

ROBIN S GOACHER                    EIN/SSN:  [Redaction]  2924
                                                          2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2007

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE |
|------|---------------------------|-------------------------------------|----------------------------|-----------------|
| | ADJUSTED GROSS INCOME 70,928.00 | | | |
| | TAXABLE INCOME 62,178.00 | | | |
| | SELF EMPLOYMENT TAX 10,784.00 | | | |
| 09-09-2009 | SUBSTITUTE FOR RETURN 19210-887-00035-9 | | 0.00 | 10-05-2009 |
| 11-10-2009 | STATUTORY NOTICE OF DEFICIENCY | | | |
| | ESTIMATED TAX PENALTY 20101408 | 1,035.47 | | 04-19-2010 |
| | ADDITIONAL TAX ASSESSED 13254-491-32009-0  20101408 | 22,752.00 | | 04-19-2010 |
| 03-30-2010 | STATUTORY NOTICE OF DEFICIENCY CLOSED | | | |
| | LATE FILING PENALTY 20101408 | 5,119.20 | | 04-19-2010 |
| | INTEREST ASSESSED 20101408 | 2,762.72 | | 04-19-2010 |
| | FAILURE TO PAY TAX PENALTY 20101408 | 2,844.00 | | 04-19-2010 |
| 02-25-2011 | NOTICE OF FEDERAL TAX LIEN FILED | | | |
| 03-01-2011 | LIEN FILING COLLECTION DUE PROCESS NOTICE ISSUED | | | |

FORM 4340  (REV. 01-2002)                PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

ROBIN S GOACHER                    EIN/SSN: [Redaction] -2924
                                                        -2837

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC  2007

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE |
|------|---------------------------|-------------------------------------|----------------------------|-----------------|
|      | FAILURE TO PAY TAX PENALTY 20112608 | 2,844.00 | | 07-11-2011 |
| 06-07-2013 | CDP LEVY NOTICE ISSUED | | | |
| 06-26-2013 | CDP LEVY NOTICE RETURNED UNDELIVERABLE | | | |
|      | INTEREST ASSESSED 20142505 | 5,401.23 | | 07-07-2014 |
| 04-17-2017 | INITIAL LEVY ISSUED | | | |
| 06-18-2018 | CERTIFICATION OF TAX ACCOUNT AS SERIOUSLY DELINQUENT TAX DEBT | | | |
| 06-18-2018 | Notice of certification as seriously delinquent tax debt sent to taxpayer - P | | | |
| 06-20-2018 | RECEIVED POA/TIA | | | |
|      | INTEREST ASSESSED 20184205 | 7,515.33 | | 11-05-2018 |
| 12-22-2008 | Taxpayer Deliquency Notice | | | |
| 04-19-2010 | Statutory Notice of Balance Due | | | |
| 05-24-2010 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

ROBIN S GOACHER                    EIN/SSN:  [Redaction] 2924
                                                        2837

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2007

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE |
|------|---------------------------|-------------------------------------|----------------------------|-----------------|
| 07-11-2011 | Statutory Notice of Balance Due | | | |
| 07-09-2012 | Statutory Notice of Balance Due | | | |
| 07-07-2014 | Statutory Notice of Balance Due | | | |
| 11-05-2018 | Statutory Notice of Balance Due | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

```
         CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------------

ROBIN S GOACHER                        EIN/SSN:  [Redaction]  2924
                                                             2837


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2007
----------------------------------------------------------------------------


BALANCE        50,273.95

----------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT FOR THE ACCOUNT OF THE TAXPAYER NAMED
ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE DATA COMPILATION
FOR THE PERIOD STATED OF ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND
ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS
DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE SHOWN
BELOW. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS
TRANSCRIPT APPEAR IN RECORDS OF THIS OFFICE. THE RECORDS ARE UNDER THE CUSTODY
OF, AND SET FORTH THE ACTIVITIES OF, THIS OFFICE.
```

SIGNATURE OF CERTIFYING OFFICER: _Janice Williams_

PRINT NAME: Janice Williams

TITLE: Accounting Operations Manager
Submission Processing

DELEGATION ORDER: Service Wide Delegation of Authority
Delegation Order 11-5

LOCATION: INTERNAL REVENUE SERVICE

ACCOUNT STATUS DATE 11/08/2018

FORM 4340  (REV. 01-2002)              PAGE    4

BEING ALL THAT CERTAIN 0.5374 ACRE, MORE OR LESS, TRACT OR PARCEL OF LAND SITUATED IN THE HENRY P. HILL LEAGUE, TRAVIS COUNTY, TEXAS, AND BEING THAT SAME TRACT AS DESCRIBED IN DEED TO J. H. WICKERT RECORDED IN VOLUME 1042, PAGE 1, TRAVIS COUNTY DEED RECORDS, AND ALSO DESCRIBED IN DEED TO A. N. KIEFER BY QUITCLAIM DEED RECORDED IN VOLUME 11492, PAGE 206, TRAVIS COUNTY REAL PROPERTY RECORDS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS SET FORTH ON EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL INTENTS AND PURPOSES;

which has the address of  #3 N  PEAK ROAD _____ . AUSTIN _____
　　　　　　　　　　　　　　　　　　　[Street]　　　　　　　　　　　　　　　　　　[City]
Texas_____ 78746 _____ ("Property Address"),
　　　　　　　[Zip Code]

Exhibit "A"

## METES AND BOUNDS DESCRIPTION

Being all that certain 0.5374 acre tract or parcel of land situated in the HENRY P. HILL LEAGUE, Travis County, Texas, and being that same tract as described in Deed to J. H. Wickert recorded in Volume 1042, Page 1, Travis County Deed Records (TCDR), and also described in Deed to A. N. Kiefer by Quitclaim Deed recorded in Volume 11492, Page 206, Travis County Real Property Records (TCRPR), and being more particularly described by metes and bounds as follows, to-wit:

BEGINNING at an iron pipe found in concrete marking the Northwest corner hereof, same being located in the East right-of-way line of (North) Peak Road (formerly Finley Drive) and being also the Southwest corner of Lot 18, DELLANA HILLS, SECTION 2, a subdivision according to the map or plat thereof recorded in Volume 8, Page 165, Travis County Plat Records, and being further located South 31°39'50" West-99.62 feet from an iron rod found in asphalt marking the Northwest corner of said Lot 18;

THENCE, in a Southwesterly direction along the arc of a curve to the left and with the said East right-of-way line of Peak Road, said curve having a radius of 363.8 feet, a chord bearing and distance of South 17°35'45" West-139.94 feet to an angle iron found marking the Southwest corner hereof;

THENCE, South 79°45'50" East, with the South line hereof and the North line of that certain 0.517 acre tract as described in Deed recorded in Volume 3299, Page 2310, TCDR, a distance of 175.85 feet to an iron rod found at the base of a dry stack rock wall marking the Southeast corner hereof;

THENCE, North 06°29'10" East, with the East line hereof, a distance of 142.36 feet to an iron rod found at the base of a dry stack rock wall marking the Northeast corner hereof, same being located in the South line of said Lot 18;

THENCE, North 81°01'00" West, with the North line hereof and the said South line of Lot 18, a distance of 148.65 feet to the POINT OF BEGINNING and containing 0.5374 acres of land.

BASIS OF BEARINGS:  Vol. 1042, Page 1, TCDR

Compiled By:

Robert M. Sherrod, R.P.L.S.
GEO, A Geographical Land Services Co.
4412 Spicewood Springs Road, #1002
Austin, Texas 78759
RMS:ks
May 5, 1998
GEO Job No. 987624
Texas Professional Title Company
GF No. 218718

Page 2 of 2 Pages

Government
Exhibit

5

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

Government Exhibit

6

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 829-3903 | Serial Number 755260411 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer ROBIN S GOACHER

TRV
2 PGS

2011029259

Residence    4209 HARCOURT DR
AUSTIN, TX 78727-5943

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2004 | ▮▮▮▮ | 03/16/2009 | 04/15/2019 | 16011.25 |
| 1040 | 12/31/2005 | ▮▮▮▮ | 03/16/2009 | 04/15/2019 | 27379.24 |
| 1040 | 12/31/2006 | ▮▮▮▮ | 03/16/2009 | 04/15/2019 | 38082.29 |
| 1040 | 12/31/2007 | ▮▮▮▮ | 04/19/2010 | 05/19/2020 | 34513.39 |

| Place of Filing | | |
|---|---|---|
| TRAVIS COUNTY AUSTIN, TX 78767 | Total $ | 115986.17 |

This notice was prepared and signed at    NASHVILLE, TN    , on this,

the    16th    day of    February    ,    2011    .

| Signature for FRED BANKS | Title ACS SBSE (800) 829-3903 | 25-00-0008 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Feb 28, 2011  03:21 PM    2011029259

BARTHOLOMEUD: $21.00

Dana DeBeauvoir, County Clerk

Travis County  TEXAS

# WARRANTY DEED WITH VENDOR'S LIEN

FILM CODE
00005727515

**DATE:**    May __6__, 1998

**GRANTOR:** Ardith N. Kiefer, divorced, a single person since October 18, 1991

**GRANTOR'S MAILING ADDRESS:**    #5 North Peak Road, Austin, TX 78746

**GRANTEE:** Robin Goacher, a single person

**GRANTEE'S MAILING ADDRESS:**    #3 North Peak Road, Austin, TX 78746

**CONSIDERATION:**

$10.00 and other valuable consideration, receipt of which is hereby acknowledged, and a note of even date that is in the principal amount of $143,910.00, executed by Grantee, and payable to the order of Grantor. It is secured by a vendor's lien retained in this deed and by a deed of trust of even date from Grantee to Ridge Williams, Trustee.

**PROPERTY (including any improvements):**

A tract of land being a part of that certain 40.662 acres of land in the HENRY P. HILL LEAGUE, Travis County, Texas, conveyed by S. Finley Ewing to A.B. Hatley and R.H. Farley, by Deed dated May 13, 1947, recorded in Volume 844, Page 206, Deed Records of Travis County, Texas, and being the same property conveyed to Byron D. Kiefer and wife, Ardith Kiefer, by Deed dated January 16, 1965, recorded in Volume 2888, Page 140, Deed Records of Travis County, Texas; said tract of land being more particularly described by metes and bounds set forth on Exhibit "A" attached hereto and made a part hereof.

**RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:**

This conveyance is made and accepted subject to all restrictions, covenants, conditions, rights-of-way and easements, if any, affecting the above described property that are valid, existing and properly of record and subject, further, to taxes for the year 1998 and subsequent years.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

_Ardith N Kiefer_
Ardith N. Kiefer

Parcel #: 109131002

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179   0776

J. ANDREW RAMIREZ

I, Dana Debeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on SEP 13 2018

Dana Debeauvoir, County Clerk
By Deputy

**Government
Exhibit**

7

Exhibit "A"

## METES AND BOUNDS DESCRIPTION

Being all that certain 0.5374 acre tract or parcel of land situated in the
HENRY P. HILL LEAGUE, Travis County, Texas, and being that same tract as
described in Deed to J. H. Wickert recorded in Volume 1042, Page 1, Travis
County Deed Records (TCDR), and also described in Deed to A. N. Kiefer by
Quitclaim Deed recorded in Volume 11492, Page 206, Travis County Real
Property Records (TCRPR), and being more particularly described by metes
and bounds as follows, to-wit:

BEGINNING at an iron pipe found in concrete marking the Northwest corner
hereof, same being located in the East right-of-way line of (North) Peak
Road (formerly Finley Drive) and being also the Southwest corner of Lot 18,
DELLANA HILLS, SECTION 2, a subdivision according to the map or plat
thereof recorded i Volume 8, Page 165, Travis County Plat Records, and
being further located South 31°39'50" West-99.62 feet from an iron rod
found in asphalt marking the Northwest corner of said Lot 18;

THENCE, in a Southwesterly direction along the arc of a curve to the left
and with the said East right-of-way line of Peak Road, said curve having a
radius of 363.8 feet, a chord bearing and distance of South 17°55'45"
West-139.94 feet to an angle iron found marking the Southwest corner
hereof;

THENCE, South 79°45'50" East, with the South line hereof and the North line
of that certain 0.517 acre tract as described in Deed recorded in Volume
3299, Page 2310, TCDR, a distance of 175.85 feet to an iron rod found at
the base of a dry stack rock wall marking the Southeast corner hereof;

THENCE, North 06°29'10" East, with the East line hereof, a distance of
142.36 feet to an iron rod found at the base of a dry stack rock wall
marking the Northeast corner hereof, same being located in the South line
of said Lot 18;

THENCE, North 81°01'00" West, with the North line hereof and the said South
line of Lot 18, a distance of 148.65 feet to the POINT OF BEGINNING and
containing 0.5374 acres of land.

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on SEP 1 3 2018

Dana DeBeauvoir, County Clerk
By Deputy:

J. ANDREW RAMIREZ

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179   0777

Acknowledgment

STATE OF TEXAS
COUNTY OF __Travis__

This instrument was acknowledged before me on the __6th__ day of __May, 1998__,
1998, by Ardith N. Kiefer.

_____
Notary Public, State of Texas



M. A. LIEBES
NOTARY PUBLIC
STATE OF TEXAS
COMM. EXP. 09-07-2001

AFTER RECORDING RETURN TO:

RETURN TO:
TEXAS PROFESSIONAL TITLE INC.
5608 PARKCREST, SUITE 190
AUSTIN, TEXAS 78731

_____

_____

_____

**FILED**

98 MAY -8 PM 4: 31

DANA DeBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

dm8718.t

STATE OF TEXAS        COUNTY OF TEXAS
I hereby certify that this instrument was FILED on
the date and at the time stamped hereon by me and
was duly RECORDED, in the Volume and Page of the
named RECORDS of Travis County, Texas, on

MAY 8 1998



COUNTY CLERK
TRAVIS COUNTY, TEXAS

I, Dana DeBeauvoir, County Clerk, Travis County
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office
Witness my hand and seal of office on SEP 1 3 2018
Dana DeBeauvoir County Clerk
By Deputy: _____

J. ANDREW RAMIREZ

WARRANTY DEED WITH VENDOR'S LIEN

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179   0778

RECEIPT#: A00114719  TRANS#: #5105  DEPT: REGULAR PREMIER 0#13.00
CASHIER: MDFXI  FILE DATE: 5/8/98  TRANS DATE: 5/11/98
PAID BY: CHECK# 10269

RECORDED BY
TEXAS PROFESSIONAL TITLE, INC.

# DEED OF TRUST

FILM CODE
## 00005727516

DATE:       May __6__, 1998

GRANTOR:  Robin Goacher, a single person

GRANTOR'S MAILING ADDRESS:   #3 North Peak Road, Austin, TX 78746

TRUSTEE:   Ridge Williams

TRUSTEE'S MAILING ADDRESS:   3305 Northland Drive, Suite 207, Austin, Travis
County, Texas  78731

BENEFICIARY:   Ardith N. Kiefer

BENEFICIARY'S MAILING ADDRESS:   #5 North Peak Road, Austin, TX 78746

NOTE(S)

Date:       May __6__, 1998

Amount:    $143,910.00

Maker:     Robin Goacher

Payee:     Ardith N. Kiefer

Final Maturity Date: as provided in the Note

Terms of Payment:   as specified therein, bearing interest as therein stipulated,
providing for acceleration of maturity and for attorney's fees, as
well as any and all renewals extensions and rearrangements
thereof.

PROPERTY (including any improvements):

A tract of land being a part of that certain 40.662 acres of land in the HENRY P. HILL
LEAGUE, Travis County, Texas, conveyed by S. Finley Ewing to A.B. Hatley and R.H.
Farley, by Deed dated May 13, 1947, recorded in Volume 844, Page 206, Deed Records of
Travis County, Texas, and being the same property conveyed to Byron D. Kiefer and wife,
Ardith Kiefer, by Deed dated January 16, 1965, recorded in Volume 2888, Page 140, Deed
Records of Travis County, Texas; said tract of land being more particularly described by metes
and bounds set forth on Exhibit "A" attached hereto and made a part hereof.

PRIOR LIEN(S) (including recording information):

None

Z18718②

DEED OF TRUST

Page 1

MAY 3 1 2018
I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy:

T. PEREZ

Exhibit "A"

## METES AND BOUNDS DESCRIPTION

Being all that certain 0.5374 acre tract or parcel of land situated in the HENRY P. HILL LEAGUE, Travis County, Texas, and being that same tract as described in Deed to J. H. Wickert recorded in Volume 1042, Page 1, Travis County Deed Records (TCDR), and also described in Deed to A. N. Kiefer by Quitclaim Deed recorded in Volume 11492, Page 206, Travis County Real Property Records (TCRPR), and being more particularly described by metes and bounds as follows, to-wit:

BEGINNING at an iron pipe found in concrete marking the Northwest corner hereof, same being located in the East right-of-way line of (North) Peak Road (formerly Finley Drive) and being also the Southwest corner of Lot 18, DELLANA HILLS, SECTION 2, a subdivision according to the map or plat thereof recorded i Volume 8, Page 165, Travis County Plat Records, and being further located South 31°39'50" West-99.62 feet from an iron rod found in asphalt marking the Northwest corner of said Lot 18;

THENCE, in a Southwesterly direction along the arc of a curve to the left and with the said East right-of-way line of Peak Road, said curve having a radius of 363.8 feet, a chord bearing and distance of South 17°35'45" West-139.94 feet to an angle iron found marking the Southwest corner hereof;

THENCE, South 79°45'50" East, with the South line hereof and the North line of that certain 0.517 acre tract also described in Deed recorded in Volume 3299, Page 2310, TCDR, a distance of 175.85 feet to an iron rod found at the base of a dry stack rock wall marking the Southeast corner hereof;

THENCE, North 06°29'10" East, with the East line hereof, a distance of 142.36 feet to an iron rod found at the base of a dry stack rock wall marking the Northeast corner hereof, same being located in the South line of said Lot 18;

THENCE, North 81°01'00" West, with the North line hereof and the said South line of Lot 18, a distance of 148.65 feet to the POINT OF BEGINNING and containing 0.5374 acres of land.

MAY 3 1 2018

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office, on

Dana DeBeauvoir, County Clerk

By Deputy

T. PEREZ

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179   0780

**OTHER EXCEPTIONS TO CONVEYANCE AND WARRANTY:**

This conveyance is made and accepted subject to all restrictions, covenants, conditions, rights-of-way, assessments and easements, if any, affecting the above described property that are valid, existing and properly of record and subject, further, to taxes for the year 1998 and subsequent years.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**GRANTOR'S OBLIGATIONS**

Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is insured and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any building occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**BENEFICIARY'S RIGHTS**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations, and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:

MAY 3 1 2018

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy

**T. PEREZ**

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179    0781

a. declare the unpaid principal balance and earned interest on the note immediately due;

b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

## TRUSTEE'S DUTIES

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3. from the proceeds of the sale, pay, in this order:

a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;

b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c. any amounts required by law to be paid before payment to Grantor; and

d. to Grantor, any balance.

## GENERAL PROVISIONS

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any Trustee's deed conveying the property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien shall be superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5. If any portion of the advancements cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of the deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of the deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and deed of trust in the order determined by Beneficiary.

DEED OF TRUST                                                                                     Page 3

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179    0782

MAY 3 1 2018

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk
By Deputy

T. PEREZ

Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term note includes all sums secured by this deed of trust.

11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term Grantor shall include Maker.

13. Grantor will notify Beneficiary in writing promptly of (a) the commencement of any legal or regulatory proceedings affecting the Property or any part thereof, including without limitation, (i) any and all enforcement, clean-up, removal or other governmental or regulatory actions instituted, completed or threatened pursuant to any applicable federal, state or local laws, ordinances or regulations relating to any substances defined as or included in the definition of "hazardous substances", "Hazardous wastes", "hazardous materials" or "toxic substances" under any applicable federal or state laws or regulations (collectively referred to hereinafter as "Hazardous Materials") affecting the Property ("Hazardous Material Laws"), (ii) all claims made or threatened by any third party against Grantors or the Property relating to damage, contribution, costs recovery compensation, loss or injury resulting from any "Hazardous Materials" (the matters set forth in clauses (i) and (ii) are hereinafter referred to as "Hazardous Materials Claims"), and (iii) Grantors' discovery of any occurrence or condition of the Property or any part thereof to be subject to any restrictions on the ownership, occupancy, transferability or use of the Property under any Hazardous Materials Laws; and (b) any casualty loss affecting the Property or any portion thereof, and will take such action as may be necessary to preserve Beneficiary's rights affected thereby; and should Grantors fail or refuse to take any such action, Beneficiary may, at the election of the Beneficiary, take such action on behalf and in the name of Grantors and at Grantors' cost and expense. To the fullest extent permitted by law, Grantors agree to indemnify the Beneficiary and Trustee, their respective directors, officers, contractors, employees, agents, invitees, successors and assigns from any and all liabilities (including strict liability), actions, demands, penalties, losses, damages, costs or expenses (including, without limitation, attorneys' fees and expenses, and remedial, detoxification, repair and cleanup costs or costs associated with the planning of such matters), suits, foreseeable consequential damages, costs of any settlement or judgment and claims of any and every kind whatsoever which may now or in the future (whether before or after the release of this deed of trust) be paid, incurred or suffered by or asserted against Beneficiary or Trustee by any person or entity or governmental agency for, with respect to or as a direct or indirect result of, the presence on or under, or the escape, seepage, leakage, spillage, use, generation, manufacture, production, storage, threatened release, discharge, disposal, emission or release from the Property of any Hazardous Materials or any contamination from Hazardous Materials or arise out of or result from the environmental condition of the Property or the applicability of any governmental requirements relating to Hazardous Material (including, without limitation, CERCLA, RCRA or any federal, state or local so-called "superfund" or "superlien" laws, statues, laws, ordinances, codes, rules, regulations, order or decrees), regardless of whether or not caused by or within the control of Grantor, Beneficiary or Trustee. The representations, covenants, warranties and indemnifications contained in this paragraph shall survive the release of this deed of trust and/or the extinguishment of this lien by foreclosure or action in lieu thereof.

14. Grantor represents that this deed of trust and the note are given for the following purposes:

---

DEED OF TRUST                    Page 4

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179   0783

MAY 3 1 2018

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy:

T. PEREZ

13179   0782

The debt evidenced by the note is in part payment of the purchase price of the property; the debt is secured both by this deed of trust and by a vendor's lien on the property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien; and the two liens and the rights created by this instrument shall be cumulative. Beneficiary may elect to foreclose under either of the liens without waiving the other or may foreclose under both. The deed is incorporated into this deed of trust.

15.    If all or any part of the property is sold, conveyed, leased for a period longer than three (3) years, leased with an option to purchase, or otherwise sold (including any contract for deed), without the prior written consent of the Beneficiary, then the Beneficiary may at Beneficiary's option declare the outstanding principal balance of the note, plus accrued interest, to be immediately due and payable. The creation of a subordinate lien, any sale thereunder, any deed under threat or order of condemnation, any conveyance solely between makers, the passage of title by reason of the death of a maker or by operation of law shall not be construed as a sale or conveyance of the property.

16.    Grantor shall furnish to Beneficiary, annually before the taxes become delinquent, copies of tax receipts showing that all taxes on the property have been paid. Grantor shall furnish to Beneficiary annually evidence of current paid-up insurance in accordance with the terms of this deed of trust.



MAY   8   1998

_____
Robin Goacher
Robin Goacher


### Acknowledgment


STATE OF TEXAS
COUNTY OF __Travis__

This instrument was acknowledged before me on the __6th__ day of __May__ , 1998, by Robin Goacher.

_____
Notary Public, State of Texas

AFTER RECORDING RETURN TO:


M. A. LIEBES
NOTARY PUBLIC
STATE OF TEXAS
COMM. EXP. 09-07 2001

_____

_____

RETURN TO:
TEXAS PROFESSIONAL TITLE INC.
5608 PARKCREST, SUITE 150
AUSTIN, TEXAS 78731

dtm8718.t

DEED OF TRUST

MAY 3 1 2018

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy

T. PEREZ

88 MAY -8 PM 4: 33

FILED

Page 5

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13179   0784

FILED

98 MAY -8 PM 4: 33

DANA DeBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS



MAY 8 1998

COUNTY CLERK
TRAVIS COUNTY, TEXAS

REAL PROPERTY RECORDS
TRAVIS COUNTY, TEXAS

13178   0785

MAY 3 1 2018

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on

Dana DeBeauvoir, County Clerk

By Deputy

**T. PEREZ**



RECORDED BY
TEXAS PROFESSIONAL TITLE, INC.
GFF: 219987

TRV 2000000684  8 pgs



LOAN #9830161542

[Space Above This Line For Recording Data]

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on <u>December 27, 1999</u>  The grantor is <u>ROBIN GOACHER, A SINGLE PERSON</u> ("Borrower") The trustee is <u>EMMETT JAMES HOUSE and/or BILL R. MC LAUGHLIN</u>, whose address is <u>7130 GOODLETT FARMS PKWY  CORDOVA, TN  38018</u> ("Trustee")  The beneficiary is <u>UNION PLANTERS BANK, N.A.</u>, which is organized and existing under the laws of the <u>UNITED STATES OF AMERICA</u>, and whose address is <u>P.O. BOX 1785 MEMPHIS, TN 38101-1785</u> ("Lender")  Borrower owes Lender the principal sum of <u>ONE HUNDRED FORTY-SIX THOUSAND AND NO/100</u> Dollars (U S $<u>146,000.00</u>)  This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on <u>January 1, 2030</u>

This Security Instrument secures to Lender  (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the note, (b) the payment of all other sums, with interest, advanced under paragraph  7  to protect the security of this Security Instrument, and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in <u>TRAVIS</u> County, Texas

BEING ALL THAT CERTAIN 0.5374 ACRE, MORE OR LESS, TRACT OR PARCEL OF LAND SITUATED IN THE HENRY P. HILL LEAGUE, TRAVIS COUNTY, TEXAS, AND BEING THAT SAME TRACT AS DESCRIBED IN DEED TO J. H. WICKERT RECORDED IN VOLUME 1042, PAGE 1, TRAVIS COUNTY DEED RECORDS, AND ALSO DESCRIBED IN DEED TO A. N. KIEFER BY QUITCLAIM DEED RECORDED IN VOLUME 11492, PAGE 206, TRAVIS COUNTY REAL PROPERTY RECORDS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS SET FORTH ON EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL INTENTS AND PURPOSES;

which has the address of  #3 N  PEAK ROAD                                                          AUSTIN
                                                              [Street]                                                          [City]
Texas            78746                                      ("Property Address")
                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property  All replacements and additions shall also be covered by this Security Instrument  All of the foregoing is  referred to in this Security Instrument as the "Property "

BORROWER COVENANTS that  Borrower is lawfully  seised of  the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows
**1.  Payment of Principal and Interest; Prepayment and Late Charges**  Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note
**2.  Funds for Taxes and Insurance.**  Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for  (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property, (b) yearly leasehold payments or ground rents on the Property, if any, (c) yearly hazard or property insurance premiums, (d) yearly flood insurance premiums, if any, (e) yearly mortgage insurance premiums, if any, and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums  These items are called "Escrow Items "  Lender may, at any time, collect and hold

TEXAS - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Government Exhibit 8**

Form 3044 9/90 (page 1 of 6 pages)
D&O Doc099A Frm

Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U S C §2601 et seq ("RESPA"), unless another law that applies to the Funds sets a lesser amount  If so, Lender may at any time, collect and hold Funds in an amount not to exceed the lesser amount  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank  Lender shall apply the Funds to pay the Escrow Items  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge  However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds  Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds  Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made  The Funds are pledged as additional security for all sums secured by this Security Instrument

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law  If the amount of the funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender  If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument

3   Application of Payments.  Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied  first, to any prepayment charges due under the Note, second, to amounts payable under paragraph 2, third, to interest due, fourth, to principal due, and last, to any late charges due under the Note

4.  Charges, Liens.  Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any  Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph  If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower  (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien  Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice

5   Hazard or Property Insurance.  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance  This insurance shall be maintained in the amounts and for the periods that Lender requires  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld  If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause  Lender shall have the right to hold the policies and renewals  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices  In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower  If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds  Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due  The 30-day period will begin when the notice is given

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments  If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition

6.  Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property  Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest  Borrower may cure such a default and reinstate, as provided in paragraph 18, by

causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest   Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence   If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease   If Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing

7. **Protection of Lender's Rights in the Property.**  If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property   Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs   Although Lender may take action under this paragraph 7, Lender does not have to do so

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument   Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment

8. **Mortgage Insurance.**  If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect   If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender   If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect   Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance   Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained   Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law

9. **Inspection.**  Lender or its agent may make reasonable entries upon and inspections of the Property   Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection

10. **Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to Lender

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower   In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction  (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking   Any balance shall be paid to Borrower   In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest   Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest   Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

12. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17   Borrower's covenants and agreements shall be joint and several   Any Borrower who co-signs this Security Instrument but does not execute the Note  (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent

13. **Loan Charges.**  If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower   Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower   If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph

**15. Governing Law; Severability** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision  To this end the provisions of this Security Instrument and the Note are declared to be severable

**16 Borrower's Copy** Borrower shall be given one conformed copy of the Note and of this Security Instrument

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument

If Lender exercises this option, Lender shall give Borrower notice of acceleration  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of  (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument, or (b) entry of a judgment enforcing this Security Instrument  Those conditions are that Borrower  (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred, (b) cures any default of any other covenants or agreements, (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged  Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred  However, this right to reinstate shall not apply in the case of acceleration under paragraph 17

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower  A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument  There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note  If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law  The notice will state the name and address of the new Loan Servicer and the address to which payments should be made  The notice will also contain any other information required by applicable law

**20 Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge  If Borrower learns, or is notified by a governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials  As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

NON-UNIFORM COVENANTS  Borrower and Lender further covenant and agree as follows

**21 Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law.  Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law.  Sale shall be made at public venue between the hours of 10 a.m. and 4 p m. on the first Tuesday of the month.  Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines  Lender or its designee may purchase the Property at any sale

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

22. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

23. Substitute Trustee. Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

24. Subrogation. Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

25. Partial Invalidity. In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

26. Waiver of Notice of Intention to Accelerate. Borrower waives the right to notice of intention to require immediate payment in full of all sums secured by this Security Instrument except as provided in paragraph 21.

27. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☐ Other(s) [specify] | ☒ Schedule One | ☐ Occupancy Rider |

**28. Renewal and Extension.**
THE NOTE SECURED HEREBY IS IN RENEWAL AND EXTENSION, BUT NOT IN EXTINGUISHMENT, OF THE CERTAIN INDEBTEDNESS DESCRIBED AS FOLLOWS

SEE SCHEDULE ONE ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES,

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses

_____    _Robin Goacher_____ (Seal)
                           **ROBIN GOACHER**              -Borrower

_____    _____ (Seal)
                                                         -Borrower

———————————————— [Space Below This Line For Acknowledgment] ————————————————

THE STATE OF TEXAS          §

COUNTY OF TRAVIS            §

This instrument was acknowledged before me on the 27th day of December, 1999, by ROBIN GOACHER

_Kerri Cox_

KERRI COX
Notary Public State of Texas
My Comm Exp es 04 1 L

NOTARY PUBLIC, State of Texas

My Commission Expires _____

WHEN RECORDED MAIL TO:

UNION PLANTERS BANK, N.A.
10010 SAN PEDRO, SUITE 500
SAN ANTONIO, TX  78216

**RETURN TO:**
**TEXAS PROFESSIONAL TITLE INC.**
**5608 PARKCREST, SUITE 150**
**AUSTIN, TEXAS 78731**

Form 3044 9/90 (page 6 of 6 pages)
D&O Doc099A Frm

Exhibit "A"

## METES AND BOUNDS DESCRIPTION

Being all that certain 0.5374 acre tract or parcel of land situated in the HENRY P. HILL LEAGUE, Travis County, Texas, and being that same tract as described in Deed to J. H. Wickert recorded in Volume 1042, Page 1, Travis County Deed Records (TCDR), and also described in Deed to A. N. Kiefer by Quitclaim Deed recorded in Volume 11492, Page 206, Travis County Real Property Records (TCRPR), and being more particularly described by metes and bounds as follows, to-wit:

BEGINNING at an iron pipe found in concrete marking the Northwest corner hereof, same being located in the East right-of-way line of (North) Peak Road (formerly Finley Drive) and being also the Southwest corner of Lot 18, DELLANA HILLS, SECTION 2, a subdivision according to the map or plat thereof recorded i Volume 8, Page 165, Travis County Plat Records, and being further located South 31°39'50" West-99.62 feet from an iron rod found in asphalt marking the Northwest corner of said Lot 18;

THENCE, in a Southwesterly direction along the arc of a curve to the left and with the said East right-of-way line of Peak Road, said curve having a radius of 363.8 feet, a chord bearing and distance of South 17°35'45" West-139.94 feet to an angle iron found marking the Southwest corner hereof;

THENCE, South 79°45'50" East, with the South line hereof and the North line of that certain 0.517 acre tract as described in Deed recorded in Volume 3299, Page 2310, TCDR, a distance of 175.85 feet to an iron rod found at the base of a dry stack rock wall marking the Southeast corner hereof;

THENCE, North 06°29'10" East, with the East line hereof, a distance of 142.36 feet to an iron rod found at the base of a dry stack rock wall marking the Northeast corner hereof, same being located in the South line of said Lot 18;

THENCE, North 81°01'00" West, with the North line hereof and the said South line of Lot 18, a distance of 148.65 feet to the POINT OF BEGINNING and containing 0.5374 acres of land.

BASIS OF BEARINGS:  Vol. 1042, Page 1, TCDR

Compiled By:

Robert M. Sherrod, R.P.L.S.
GEO, A Geographical Land Services Co.
4412 Spicewood Springs Road, #1002
Austin, Texas 78759
RMS:ks
May 5, 1998
GEO Job No. 987624
Texas Professional Title Company
GF No. 218718

Page 2 of 2 Pages

# SCHEDULE ONE

The note hereby secured is given in renewal and extension of the sum left owing and unpaid by Borrowers herein upon the following indebtedness

that one certain Promissory Note in the original principal sum of $143,910.00, dated May 6, 1998, executed by ROBIN GOACHER, payable to the order of ARDITH N. KIEFER and secured by a Deed of Trust of even date therewith to RIDGE WILLIAMS Trustee(s), recorded in Volume 13179, Page 779, REAL PROPERTY Records of TRAVIS County, Texas, and additionally secured by Vendor's Lien dated of even date therewith, recorded in Volume 13179, Page 776, of the REAL PROPERTY Records of TRAVIS County, Texas, said note and lien amended, extended, and/or modified by instrument recorded under County Clerk's Document No. 1999026111, Official Public Records of Bexar County, Texas,

said liens being against the herein described property, and it is expressly agreed by Grantors herein that said liens are hereby renewed, extended and carried forward in full force and effect to secure the payment of the note hereby secured

## FILED AND RECORDED
### OFFICIAL PUBLIC RECORDS

INITIAL

INITIAL

01-05-2000  02 47 PM 2000000684
RUIZO $23 00
DANA DEBEAUVOIR ,COUNTY CLERK
TRAVIS COUNTY, TEXAS

D&O Doc963A1 Frm

90104-7039

1

Return To:  HomeComings Financial Network, Inc.
One Meridian Crossing, Ste. 100
Minneapolis  MN  55423

AFFDVT   2004068547
7 PGS

Prepared By:  HOMECOMINGS FINANCIAL NETWORK, INC.
14850 QUORUM DRIVE, SUITE 500
DALLAS, TX  75254

*return to*
TEXAS AMERICAN TITLE COMPANY
4201 S. CONGRESS AVE.
SUITE 203
AUSTIN, TX  78745

——————— [To Be Recorded With Security Instrument. Space Above This Line for Recording Data] ———————

# TEXAS HOME EQUITY
# AFFIDAVIT AND AGREEMENT
## (First Lien)

**(Do not sign this Texas Home Equity Affidavit and Agreement until you have executed an Acknowledgment Regarding Fair Market Value, and received and reviewed the Texas Home Equity Note and the Texas Home Equity Security Instrument.)**

State of **TEXAS**

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared
ROBIN S HAMMOND AND NICHOLAS W HAMMOND, WIFE AND HUSBAND

and on oath such individual, or each of them, swears that the following statements are true:

**I.   REPRESENTATIONS AND WARRANTIES:**
  A.  I am a borrower named in the Texas Home Equity Note (the "Note") or the owner or spouse of an owner of the property described in the Texas Home Equity Security Instrument (the "Security Instrument" which

**TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT (First Lien)-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT**
MFCD6206 (1/04) / 042-025832-9  Form 3185 1/01
VMP®-8034(TX) (0310)            (rev 10/03)
Page 1 of 6              Initials
     VMP Mortgage Solutions (800)521-7291



Government
Exhibit

9

term includes any riders to the Texas Home Equity Security Instrument), both bearing date of APRIL 7TH, 2004                    , evidencing and securing an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution (the "Extension of Credit") and providing for a lien on the following described property (the "Property") located in   TRAVIS                                              County, Texas:

Legal description attached hereto and made a part hereof

which has the address of:   #3 NORTH PEAK ROAD                                                          [Street]
AUSTIN                                          [City], Texas       78746        [Zip Code] ("Property Address").

    The Property includes all incidental rights in and to the Property including all improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property. All replacements and additions are included as well as any interest in a planned unit development, condominium project, homeowners' association or equivalent entity owning or managing common areas or facilities associated with the Property. All of the foregoing is referred to herein as the Property, provided however that the Property is limited to homestead property in accordance with Section 50(a)(6)(H), Article XVI of the Texas Constitution.
    The Property does not include any additional real or personal property not included within the definition of homestead in accordance with applicable law including but not limited to Sections 41.002(a), (b), and (c) of the Texas Property Code which provide:

    **Section 41.002 Definition of Homestead**
        (a) If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.
        (b) If used for the purposes of a rural home, the homestead shall consist of:
            (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or
            (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.
        (c) A homestead is considered to be urban if, at the time the designation is made, the property is:
            (1) located within the limits of a municipality or its extraterritorial jurisdiction or a platted subdivision; and
            (2) served by police protection, paid or volunteer fire protection, and at least three of the following services provided by a municipality or under contract to a municipality: (A) electric; (B) natural gas; (C) sewer; (D) storm sewer; and (E) water.

    B. I understand that the lender making the Extension of Credit is   HomeComings Financial Network, Inc.                                                                (the "Lender").

    C. The undersigned includes all owners and spouses of owners of the Property and all borrowers named in the Note.

D. The Extension of Credit is secured by a voluntary lien on the Property created under a written agreement with the consent of all owners and all spouses of owners, and execution of this Texas Home Equity Affidavit and Agreement is deemed evidence of such consent.

E. The Extension of Credit is of a principal amount that, when added to the aggregate total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the Property, does not exceed eighty percent (80%) of the fair market value of the Property on the date the Extension of Credit is made.

F. I have not paid any fee or charge that is not disclosed in the HUD-1 or HUD-1A Settlement Statement.

G. Neither the Lender nor any other party has required any additional collateral (real or personal property), other than the Property described in the Security Instrument, to secure the Extension of Credit.

H. The Property is not designated for agricultural use as provided by statutes governing property tax, unless such Property is used primarily for the production of milk.

I. The Extension of Credit is the only loan made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution that will be secured by the Property at the time the Extension of Credit is funded.

J. The Note and Security Instrument have not been signed before the twelfth (12th) day after the later of the date the owner of the Property submitted an application to the Lender, or the Lender's representative for the Extension of Credit, or the date that the Lender, or the Lender's representative provided the owner with a copy of the Notice Concerning Extensions of Credit defined by Section 50(a)(6), Article XVI of the Texas Constitution (the "Notice").

K. The Note and Security Instrument have not been signed before one business day after the date that the owner of the Property received a final itemized disclosure of the actual fees, points, interest, costs, and charges that would be charged at closing or a bona fide emergency or other good cause exists and the owner of the Property hereby consents to the Lender providing or modifying such final itemized disclosure on the date of the signing of the Note and Security Instrument and execution of this Texas Home Equity Affidavit and Agreement is deemed evidence of such consent.

L. If I am an owner of the Property, I received the Notice in English. If the discussions with the borrowers named in the Note were conducted primarily in a language other than English, the borrowers named in the Note received from Lender, or Lender's representative, before closing, an additional copy of the Notice translated into the written language in which the discussions were conducted.

M. The Extension of Credit is being closed, that is I am signing the loan documents, at the office of the Lender, an attorney at law, or a title company.

N. It has been at least one year since the closing date of any other extension of credit made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution secured by the Property, unless (i) this Extension of Credit is a refinance of a prior extension of credit pursuant to Section 50(a)(6), Article XVI of the Texas Constitution, and is being made to cure the failure of any lender or holder of the prior extension of credit to comply with its obligations under the prior extension of credit (referred to here as a cure refinance) or (ii) the prior extension of credit was a cure refinance, in which case it has been at least one year since the closing date of the most recent extension of credit prior to a cure refinance.

O. No owner of the Property has been required to apply the proceeds of this Extension of Credit to repay another debt, unless such other debt, if any, is a debt secured by the Property or is a debt to another lender.

P. No owner of the Property has been required to assign wages as security for the Extension of Credit.

Q. No owner of the Property has signed an instrument in which applicable blanks were left to be filled in. There are no blanks in this Texas Home Equity Affidavit and Agreement, the Note, or the Security Instrument.

R. No owner of the Property has signed a confession of judgment or given a power of attorney to the Lender or to a third person to confess judgment or to appear for any owner of the Property in a judicial proceeding.

S. To the best of my knowledge and belief, all owners of the Property, after receiving a copy of all documents signed by them, will sign a receipt acknowledging the delivery of such copies.

T. I have been notified in the Security Instrument of the right of the owner and the spouse of any owner to rescind the Extension of Credit without penalty or charge within three (3) days after the closing.

U. The Lender and each owner of the Property have signed a written acknowledgment as to the fair market value of the Property on the date the Extension of Credit is made.

V. The Property is not being purchased with any part of the proceeds of the Extension of Credit.

W. Unless Lender otherwise agrees in writing, all borrowers named in the Note shall occupy the Property as their homestead pursuant to the terms of the Security Instrument.

X. I understand that the Extension of Credit is not a form of open-end account that may be debited from time to time or under which credit may be extended from time to time. Lender, at its option, may make monetary advances to protect the Property (i.e. pay real estate taxes, hazard insurance payments, etc.) in accordance with the Security Instrument.

Y. I understand that the Note, Security Instrument, and this Texas Home Equity Affidavit and Agreement define the terms of the Extension of Credit and are to be construed as an entirety.

## II.   AGREEMENT PROVISIONS:

**A. No Personal Liability in the Absence of Actual Fraud.** I understand that pursuant to Section 50(a)(6)(C), Article XVI of the Texas Constitution the Extension of Credit is without recourse for personal liability against each owner of the Property and the spouse of each owner and that Lender and its successors and assigns can enforce the promises and obligations in the Note and the Security Instrument solely against the Property, unless an owner or spouse of an owner obtains the Extension of Credit by actual fraud.

**B. Inducement and Reliance.** I understand that my execution of this Texas Home Equity Affidavit and Agreement is made to induce Lender and its successors and assigns to make or purchase the Extension of Credit, and that Lender and its assigns will rely on it as additional consideration for making or purchasing the Extension of Credit. I also understand that each of the statements made in the Representations and Warranties Section is material and will be acted upon by the Lender and its assigns, and that if such statement is false or made without knowledge of the truth, the Lender and its assigns will suffer injury.

**C. Remedies in the Event of Actual Fraud.** If any owner of the Property, or the spouse of an owner, obtains the Extension of Credit by actual fraud, then each owner, spouse of each owner and all borrowers named in the Note agree to indemnify and save Lender and its successors and assigns harmless against any loss, costs, damages, attorneys' fees, expenses and liabilities which Lender may incur or sustain in connection with such actual fraud and any court action arising therefrom and will pay the same upon demand. In addition, the borrowers named in the Note may become personally liable for repayment of the Extension of Credit.

**D. Opportunity for Lender to Comply.** It is agreed that, except as required by law, the Lender or any holder of the Note for the Extension of Credit shall not forfeit any principal or interest on the Extension of Credit by reason of failure by Lender or holder to comply with its obligations under the Extension of Credit, unless the Lender or holder of the Note fails to correct the failure to comply not later than the 60th day after the borrower notifies the Lender or holder of the Note of its failure to comply.

**E. Tax Advice.** It is agreed that it is the borrower's responsibility to determine any and all aspects of tax considerations related to the Extension of Credit. I have not relied on any tax advice provided by Lender or Lender's representatives. It is my responsibility to seek and obtain independent tax advice.

## III. STATEMENT UNDER OATH

I hereby swear under oath that the representations and warranties referred to and set forth in Section I above are true and correct. I understand that this Texas Home Equity Affidavit and Agreement is part of the Extension of Credit documentation.

**[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY BY ALL OWNERS OF THE PROPERTY, SPOUSES OF OWNERS, AND BORROWERS NAMED IN THE NOTE. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]**

_____
(Borrower or Owner or Spouse of Owner)
ROBIN S HAMMOND

_____
(Borrower or Owner or Spouse of Owner)
NICHOLAS W HAMMOND

_____
(Borrower or Owner or Spouse of Owner)

_____
(Borrower or Owner or Spouse of Owner)

_____
(Borrower or Owner or Spouse of Owner)

_____
(Borrower or Owner or Spouse of Owner)

_____
(Borrower or Owner or Spouse of Owner)

_____
(Borrower or Owner or Spouse of Owner)

SWORN TO AND SUBSCRIBED before me on this    07    day of April, 2004.

[PERSONALIZED SEAL]

Notary Public

Printed Name of Notary
My Commission Expires:

JAMES R. GOLDRICK
Notary Public State of Texas
My Commission Expires
AUGUST 8, 2004

**ADVISORY NOTICE**

ALL STATEMENTS IN THE FOREGOING TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT ARE MADE UNDER OATH. IF ANY SUCH STATEMENT IS MADE WITH KNOWLEDGE THAT SUCH STATEMENT IS FALSE, THE PERSON MAKING SUCH FALSE STATEMENT MAY BE SUBJECT TO CIVIL AND CRIMINAL PENALTIES UNDER APPLICABLE LAW, MAY BE PERSONALLY LIABLE ON THE NOTE AND MAY CAUSE ALL OTHER BORROWERS NAMED IN THE NOTE TO BE PERSONALLY LIABLE ON THE NOTE.

Page 1 of 3

**A** U S DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

# Texas American Title Company

## SETTLEMENT STATEMENT

**B TYPE OF LOAN**

CONVENTIONAL UNINSURED LOAN
INTEREST RATE   7 000%

| File Number | Loan Number |
|---|---|
| 901 04 1039 | 042 025832 9 |

Mortgage Insurance case number

**C NOTE** — This form is furnished to give you a statement of actual settlement costs Amounts paid to and by the settlement agent are shown Items marked (p.o.c.) were paid outside the closing they are shown here for informational purposes and are not included in the totals

| **D** Name and Address of Borrower | **E** Name and Address of Seller Tax I.D. # | **F** Name and Address of Lender |
|---|---|---|
| ROBIN S HAMMOND<br>#3 N PEAK RD<br>AUSTIN TX 78746 | ROBIN S HAMMOND AND NICHOLAS W HAMMOND | HOMECOMINGS FINANCIAL NETWORK INC<br>14850 QUORUM DR #500<br>DALLAS TX 75254 |

| **G** Property Location | **H** Settlement agent and agent identification number |
|---|---|
| #3 NORTH PEAK ROAD AUSTIN TX 78746 ( 5374 ACRE TRACT SITUATED IN HENRY P HILL LEAGUE TRAVIS COUNTY TEXAS ) | TEXAS AMERICAN TITLE COMPANY<br>AGENT ID # 1 74 1909700 5 |

|  | Place of Settlement | **I** Settlement Date |
|---|---|---|
|  | 1001 S Mays Street Round Rock Texas 78664 | 04/07/2004 |

| **J** SUMMARY OF BORROWER S TRANSACTION | | **K** SUMMARY OF SELLER S TRANSACTION | |
|---|---|---|---|
| 100 Gross Amount Due From Borrower | | 400 Gross Amount Due to Seller | |
| 101 Contract sales price | 0 00 | 401 Contract sales price | 0 00 |
| 102 Personal Property | | 402 Personal Property | |
| 103 Settlement charges to borrower (line 1400) | 42 356 73 | 403 | |
| 104 UNION PLANTERS MORTGAGE | 140 540 50 | 404 | |
| 105 | | 405 | |
| Adjustments for items paid by the seller in advance | | Adjustments for items paid by seller in advance | |
| 106 City/town taxes       to | | 406 City/town taxes       to | |
| 107 County taxes       to | | 407 County taxes       to | |
| 108 Assessments       to | | 408 Assessments       to | |
| 109 School taxes       to | | 409 School taxes       to | |
| 110 | | 410 | |
| 111 | | 411 | |
| 112 | | 412 | |
| 120 Gross Amount Due From Borrower | 182 897 23 | 420 Gross Amount Due to Seller | 0 00 |
| 200 Amounts Paid by or in Behalf of Borrower | | 500 Reductions In Amount Due to Seller | |
| 201 Deposit or earnest money of | 0 00 | 501 Excess deposit (see instructions) | |
| 202 Principal amount of new loan(s) HOMECOMINGS FINANCIAL | 193 500 00 | 502 Settlement charges to seller (line 1400) | |
| 203 Existing loan(s) taken subject to | | 503 Existing loan(s) taken subject to | |
| 204 | | 504 Payoff of 1st mortgage loan | |
| 205 | | 505 Payoff of 2nd mortgage loan | |
| 206 | | 506 | |
| 207 | | 507 | |
| 208 | | 508 | |
| 209 | | 509 | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210 City/town taxes       to | | 510 City/town taxes       to | |
| 211 County taxes       to | | 511 County taxes       to | |
| 212 Assessments       to | | 512 Assessments       to | |
| 213 School taxes       to | | 513 School taxes       to | |
| 214 | | 514 | |
| 215 | | 515 | |
| 216 | | 516 | |
| 217 | | 517 | |
| 218 | | 518 | |
| 219 | | 519 | |
| 220 Total Paid By/For Borrower | 193 500 00 | 520 Total Reduction Amount Due Seller | 0 00 |
| 300 Cash Settlement From/To Borrower | | 600 Cash at Settlement To/From Seller | |
| 301 Gross amount due from borrower (line 120) | 182 897 23 | 601 Gross amount due to seller (line 420) | 0 00 |
| 302 Less amounts paid by/for borrower (line 220) | 193 500 00 | 602 Less total reductions in amount due seller (line 520) | 0 00 |
| 303 CASH TO BORROWER | 10 602 77 | 603 | 0 00 |

*(Handwritten stamp/notation: THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE ORIGINAL — TEXAS AMERICAN TITLE COMPANY)*

HF HUD1

*(Handwritten:)* FINAL HUD- DO NOT REMOVE FROM FILE

SUBSTITUTE FORM 1099 SELLER STATEMENT
The information contained in blocks E H and I and on line 401 (or if line 401 is asterisked lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service if you are required to file a return a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported

SELLER INSTRUCTIONS
If this real estate was your principal residence file Form 2119 Sale or Exchange of Principal Residence for any gain with your income tax return for other transactions complete the applicable parts of form 4797 Form 6252 and/or Schedule D (form 1040)

Fale Number 901041039   Page 2 of 3

| L. Settlement Charges | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| 700  Total Sales/Brokers Commission Based on price $           0 00  0         % | | |
| Division of commission (line 700) as follows | | |
| 701  $                                        to | | |
| 702  $                                        to | | |
| 703  Commission paid at settlement | | |
| 704 | | |
| 800  Items Payable In Connection With Loan | | |
| 801  Loan Origination fee                     % | | |
| 802  Loan Discount                            %  HOMECOMINGS FINANCIAL NETWORK, INC | 967 50 | |
| 803  Appraisal Fee                            to  MEGAMERICA/TX HILL COUNTRY | 325 00 | |
| 804  Credit Report                            to  MEGAMERICA/TX HILL COUNTRY | 20 00 | |
| 805  Lender's Inspection Fee | | |
| 806  Mortgage Insurance application fee to | | |
| 807  Assumption Fee | | |
| 808  PROCESSING FEE to MEGAMERICA/TX HILL COUNTRY | 400 00 | |
| 809  COURIER FEE to MEGAMERICA/TX HILL COUNTRY | 80 00 | |
| 810  SET UP FEE to MEGAMERICA/TX HILL COUNTRY | 250 00 | |
| 811 | | |
| | | |
| | | |
| | | |
| 900  Items Required by Lender to be Paid In Advance. | | |
| 901  Interest from  04 12 2004  to 05 01 2004  @ $  37 1095  /day  19 | 705 08 | 0 00 |
| 902  Mortgage insurance premium for            mo to | | |
| 903  Hazard insurance premium for  1 yrs to STATE FARM | 1 417 00 | |
| 904                                            yrs to | | |
| 905 | | |
| 1000  Reserves Deposited With Lender | | |
| 1001  Hazard insurance  02 mo @ $           118 09  per mo | 236 18 | |
| 1002  Mortgage insurance  mo @ $            per mo | | |
| 1003  City property taxes  mo @ $            per mo | | |
| 1004  County property taxes  06 mo @ $           405 86  per mo | 2 435 16 | |
| 1005  Annual assessments  mo @ $            per mo | | |
| 1006  mo @ $            per mo | | |
| 1007  mo @ $            per mo | | |
| 1008  mo @ $            per mo | | |
| 1009  AGGREGATE ACCOUNTING ADJUSTMENT  mo @ $         per mo | 944 72 | |
| 1100  Title Charges | | |
| 1101 | | |
| 1102 | | |
| 1103 | | |
| 1104  Title insurance binder  to | | |
| 1105  Document preparation  to RIDGE WILLIAMS | 25 00 | |
| 1106 | | |
| 1107  Attorney's fees to           to | | |
| (includes above items No | | |
| 1108  Title insurance  to TEXAS AMERICAN TITLE COMPANY | 1 191 25 | 0 00 |
| (includes above items No  TAX DELETION (MTP) / R 24 NOT YET DUE & PAYABLE | 25 00 | |
| 1109  Lender's coverage  $ 193 500 00/1 191 25 | | |
| 1110  Owner's coverage  $ | | |
| 1111  EPA LIEN ENDORSEMENT | 50 00 | |
| 1112  OTHER ENDORSEMENTS (T 42$148 40/T 42 1$222 60/T 19$74 20) | 445 20 | |
| 1113  MESSENGER FEE | 30 00 | |
| ESCROW FEES | 150 00 | |
| STATE OF TEXAS POLICY GUARANTY FEE | 1 00 | 0 00 |
| | | |
| | | |
| | | |
| 1200  Government Recording and Transfer Charges | | |
| 1201  Recording fees  Deed $           Mortgage $           Releases $ | 74 00 | |
| 1202  City/County tax / stamps  Deed $           Mortgage $ | | |
| 1203  State tax/stamps  Deed $           Mortgage $ | | |
| 1204  TAX CERTIFICATE TO PSI | 50 00 | |
| 1205 | | |
| 1300  Additional Settlement Charges | | |
| 1301  Survey  to | | |
| 1302  Pest inspection  to | | |
| 1303  2003 COUNTY TAXES TO TRAVIS COUNTY | 1 125 46 | |
| 1304  2003 CITY/ISD TAXES TO EANES ISD | 5 879 68 | |
| 1305  CREDIT PAYMENTS(SEE ATTACHED EXHIBIT A ) | 27 418 94 | |
| | | |
| | | |
| 1400  Total Settlement Charges  (entered on lines 103, Section J and 502, Section K) | 42 356 73 | 0 00 |



**OCWEN**

Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

www.ocwencustomers.com



## Mortgage Account Statement

| | |
|---|---|
| **Property Address** | 3 N Peak Rd |
| | West Lake Hills, TX 78746-5544 |

ROBIN S HAMMOND
3 N PEAK RD
WEST LAKE HILLS TX 78746-5544

| | |
|---|---|
| **Statement Date** | 06/18/18 |
| **Account Number** | Redaction 8329 |
| **Payment Due Date** | 07/01/18 |
| **Amount Due** | **$2,267.89** |

If payment is received after 07/16/18, a $64.37 late fee may be charged.

| | |
|---|---|
| **Customer Care** | 800-746-2936 |
| **Insurance** | 866-317-7661 |

### Account Information

| | | |
|---|---|---|
| Principal Balance* | $148,027.67 | |
| Escrow Balance | $3,232.68 | |
| Maturity Date | May 1, 2034 | |
| Interest Rate | 7.00000% | |
| Prepayment Penalty | No | |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $423.87 |
| Interest | $863.49 |
| Escrow | $980.53 |
| **Total Regular Payment** | **$2,267.89** |
| **Total Amount Due** | **$2,267.89** |

* This is the Principal Balance only, not the amount required to pay the loan in full. ***This balance may increase over time.

### How Payments & Charges were Applied

| Date Applied | Date Received | Description | Transaction Total | Principal | Interest | Escrow | Optional Products | Late Charges | Fees/Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/18/18 | 06/18/18 | Payment | $2267.89 | $421.41 | $865.95 | $980.53 | | | | |

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $421.41 | $2,492.07 |
| Interest | $865.95 | $5,232.09 |
| Escrow (Taxes and/or Insurance) | $980.53 | $5,644.78 |
| Fees/Other Charges | $.00 | $.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $2,267.89 | $13,368.94 |

### Important News

If the account has foreclosure protection provided under the Service members Civil Relief Act (SCRA) or similar state law, Ocwen will not conduct foreclosure activity during the foreclosure protection period.

**Government Exhibit 10**

See reverse side for important information and state specific disclosures.

## ABSTRACT OF JUDGMENT

### CAUSE NO. J3-CV-17-065320

THE STATE OF TEXAS
COUNTY OF TRAVIS

 TRV   2018061855
2 PGS

| | |
|---|---|
| Name of Plaintiff in Judgment: | **CAPITAL ONE BANK (USA), N.A.**<br>4851 COX RD.<br>GLEN ALLEN, VA 23060 |
| Name of Defendant in Judgment: | **ROBIN S HAMMOND**<br>3 N PEAK RD<br>WEST LAKE HILLS TX 78746-5544<br>SSN#: ***-**-<br>DOB:<br>The last three digits of Defendant's driver's<br>license are unavailable. |
| Date of Judgment: | April 4, 2018 |

1. Principal awarded in connection with account number XXXXXXXXXXX          **$2,202.03**

2. Attorney's fees awarded in connection with account number XXXXXXXXXXX          **$0.00**

3. Additional fees if Defendant appeals:

4. Interest:          **0.00%**

5. Costs of court:          All Costs of Court

6. Amount due:          **$2,202.03**, less payments received, plus costs.
   *Please call the number below for current balance.

   I, MICHAEL A. MOSS, attorney of record for CAPITAL ONE BANK (USA), N.A., do hereby verify that the above and foregoing is a true and correct Abstract of the Judgment rendered in said Court in Cause No. J3-CV-17-065320 in favor of CAPITAL ONE BANK (USA), N.A., Plaintiff in Judgment, vs. ROBIN S HAMMOND, the Defendant in Judgment, in JUSTICE COURT PRECINCT 3, PLACE 1 of TRAVIS County, Texas.

   **WITNESS MY HAND** at Lubbock, Texas, on this ___12___ day of April, 2018.

> Michael A. Moss, State Bar No. 24054360
> Moss Law Firm, P.C.
> P.O. Box 65020, Lubbock, Texas 79464
> (806) 796-7375 / FAX (806) 771-0062
> Email: e-Service@mosslawfirmpc.com
> **ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS          }
COUNTY OF LUBBOCK     }

   **BEFORE ME**, the undersigned Notary Public, on this date personally appeared MICHAEL A. MOSS, who, being by me duly sworn upon oath, said that he had read and signed the foregoing Abstract of Judgment and that all the facts stated in it are within his personal knowledge and are true and correct.

   **GIVEN UNDER MY HAND AND SEAL OF OFFICE** this ___12___ day of April, 2018.

> NOTARY PUBLIC, STATE OF TEXAS

RETURN TO:          NOTARY STAMP:          RECORDING STAMP:

Moss Law Firm, P.C.
P.O. Box 65020
Lubbock, Texas 79464



JAMIE MACDOUGAL
Notary Public, State of Texas
Comm. Expires 05-06-2020
Notary ID 130652569

**Government Exhibit**

11

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Apr 24, 2018  02:55 PM     2018061858

ESPINOZAC: $30.00

Dana DeBeauvoir, County Clerk

Travis County  TEXAS

## ABSTRACT OF JUDGMENT

CAUSE NO. J3-CV-16-062803

THE STATE OF TEXAS  §
COUNTY OF TRAVIS  §

TRV  2018088445
2 PGS

**Name of Plaintiff in Judgment:**

**CAPITAL ONE BANK (USA), N.A.**
4851 COX RD.
GLEN ALLEN, VA 23060

**Name of Defendant in Judgment:**

**ROBIN S HAMMOND**
3 N PEAK RD
AUSTIN TX 78746-5544
SSN#:
DOB:
The last three digits of Defendant's driver's
license are unavailable.

**Date of Judgment:**

May 24, 2018

1.  Principal awarded in connection with account
    number

    **$5,863.77**

2.  Attorney's fees awarded in connection with
    account number :

    $0.00

3.  Additional fees if Defendant appeals:

4.  Interest:

    **0.00%**

5.  Costs of court:

    All Costs of Court

6.  Amount due:

    **$5,863.77**, less payments received, plus costs.
    *Please call the number below for current
    balance.

     I, MICHAEL A. MOSS, attorney of record for CAPITAL ONE BANK (USA), N.A., do hereby verify that the above and foregoing is a true and correct Abstract of the Judgment rendered in said Court in Cause No. J3-CV-16-062803 in favor of CAPITAL ONE BANK (USA), N.A., Plaintiff in Judgment, vs. ROBIN S HAMMOND, the Defendant in Judgment, in JUSTICE COURT PRECINCT 3, PLACE 1 of TRAVIS County, Texas.

**WITNESS MY HAND** at Lubbock, Texas, on this ___30___ day of May, 2018.

Michael A. Moss, State Bar No. 24054360
Moss Law Firm, P.C.
P.O. Box 65020, Lubbock, Texas 79464
(806) 796-7375 / FAX (806) 771-0062
Email: e-Service@mosslawfirmpc.com
**ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS  }
COUNTY OF LUBBOCK  }

     **BEFORE ME,** the undersigned Notary Public, on this date personally appeared MICHAEL A. MOSS, who, being by me duly sworn upon oath, said that he had read and signed the foregoing Abstract of Judgment and that all the facts stated in it are within his personal knowledge and are true and correct.

     **GIVEN UNDER MY HAND AND SEAL OF OFFICE** this ___30___ day of May, 2018.

NOTARY PUBLIC, STATE OF TEXAS

RETURN TO:

Moss Law Firm, P.C.
P.O. Box 65020
Lubbock, Texas 79464

NOTARY STAMP:



JAMIE MACDOUGAL
Notary Public, State of Texas
Comm. Expires 05-06-2020
Notary ID 130652569

RECORDING STAMP:

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Jun 07, 2018  01:03 PM        2018088445
          WILLIAMSJ  $30.00

Dana DeBeauvoir, County Clerk

Travis County  TEXAS

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

ROBIN HAMMOND a/k/a ROBIN GOACHER, OCWEN LOAN SERVICING, LLC, ARDITH N. FIDLER f/n/a ARDITH N. KIEFER, and CAPITAL ONE BANK (USA), N.A.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Travis
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Manuel P. Lena, Jr., U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400, Dallas, TX 75201
(214) 880-9750

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC Sections 7401 & 7403; 28 USC Sections 1340 & 1345

Brief description of cause:
Foreclose tax liens; reduce tax liabilities to judgment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**
170,954.72

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE
02/05/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Manuel P. Lena, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.            Example:            U.S. Civil Statute: 47 USC 553
                                                                                    Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.